UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                          No. 2:16-CR-20030

MOHAMMED ABED JOUDEH, II                                                            DEFENDANT

## ORDER

Before the Court is Defendant Mohammed Abed Joudeh's motion (Doc. 27) to clarify sentence. The government filed a response (Doc. 28). Defendant was sentenced to 100 months imprisonment on April 12, 2017, for possession with intent to distribute methamphetamine. The Court will construe Defendant's motion as a 28 U.S.C. § 2241 petition for habeas relief challenging the execution of his federal sentence. For the following reasons, Defendant's motion is denied.

Defendant entered Arkansas state custody on July 12, 2016, and he entered federal custody via Writ of Habeas Corpus ad Prosequendum on August 19, 2016. Defendant requests credit for time served at the Sebastian County Detention Center from the time he entered federal custody on August 19, 2016, to his sentencing in federal court on April 12, 2017. While Defendant is correct that the judgment entered by this Court states his sentence was "to run concurrently with any undischarged term of imprisonment being served in the state of Arkansas," (Doc. 23, p. 2), Defendant must first exhaust his administrative remedies within the Bureau of Prisons before requesting relief from a district court. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000). "A prisoner may bring a habeas action challenging the Bureau of Prison's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citations omitted).

Defendant must first present a *nunc pro tunc* designation request to the Bureau of Prisons. If this request is denied, Defendant may again petition this Court for habeas relief pursuant to 28 U.S.C. § 2241. As the government notes, Defendant has not demonstrated that he has filed the *nunc pro tunc* designation request before filing the instant motion. Therefore, Defendant's motion (Doc. 27) is DENIED without prejudice.

IT IS SO ORDERED this 14th day of April, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE